UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CRIMINAL ACTION NO. 08-32-ART

UNITED STATES OF AMERICA,                                                              PLAINTIFF,

V.                      **MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION**

LEROY HANDSHOE,                                                                       DEFENDANT.

## I. INTRODUCTION

This matter is before the Court on the Defendant's Motion to Dismiss. [Rs. 9, 12]. The United States has filed a Response. [R. 13]. The parties agreed that this matter could be submitted on the record, without the need for an evidentiary hearing. [Id.]. Having considered the matter, and for the reasons fully stated herein, it is recommended that the Defendant's Motion to Dismiss [R. 9] be DENIED.

## II. FACTUAL & PROCEDURAL BACKGROUND

The facts of this case do not appear to be disputed. As alleged by the Defendant, in January, 2005, Amy Griffith and Christopher Gamble were arrested for burglaries that occurred in Leslie and Perry County. [R. 12, Memo. at 1]. Griffith and Gamble began cooperating with investigators, and revealed that they had sold guns to Leroy Handshoe, the Defendant in the present action, in exchange for money and methadone. [Id.]. After receiving this information, authorities executed a search warrant on the Defendant's residence, where they uncovered a moonshine still and stolen firearms. [Id. at 1-2].

After the moonshine still and firearms had been seized, the Defendant spoke to the Commonwealth Attorney in Leslie County, as well as Kentucky State Police Troopers Bruce Kelly and Christopher Collins. [Id. at 2]. The Defendant was informed that if he aided in the prosecution of Griffith and Gamble, he would not be charged for the items seized during the execution of the search warrant. [Id.]. According to the Defendant, he subsequently appeared in Leslie Circuit Court, pursuant to a subpoena, and was willing to testify for the Commonwealth in their prosecution of Christopher Gamble. [Id. at 3; R. 9 at 1-2]. The Defendant did not actually testify against Mr. Gamble, who plead guilty. [R. 9 at 2].

On November 6, 2008, a federal grand jury sitting in Lexington, Kentucky, returned an indictment against the Defendant on charges of knowingly possessing stolen firearms, in violation of 18 U.S.C. § 922(j), as well as charges relating to the operation of an unlicensed still, in violation of 26 U.S.C. §§ 5601(a)(1) and (a)(8).

The Defendant filed a Motion to Dismiss [R. 9] on December 30, 2008. The Defendant alleges therein that the charges should be dismissed because the representations of the Kentucky State Police Troopers that the Defendant would not be prosecuted prohibits the United States from prosecuting the Defendant in the present case. [R. 12 at 2]. The United States filed a Response [R. 13], stating that the Defendant has failed to cite any appropriate authority in support of his motion. Furthermore, the United States argues that "[e]ven if the facts submitted by the Defendant are accurate, the assertions of state officers has no bearing on the federal charges in this federal indictment." [Id. at 1]. As the parties agreed that a hearing was not necessary in this matter, the Defendant's motion is ripe for adjudication.

## III. ANALYSIS

The present case involves an allegation by the Defendant that he made an agreement to cooperate, and that Kentucky state officials promised him that he would not be prosecuted for the items they had already seized from his premises. Subsequently, federal prosecutors charged the Defendant for the items seized by state officials.[1]

The Defendant allegedly entered into an oral non-prosecution agreement with Kentucky state officials in Leslie County, Kentucky. The general rule in a case involving an informal immunity agreement, such as the one at issue in the case *sub judice*, is that a promise of immunity from prosecution in one district is "contractual in nature and do[es] not bind other parties not privy to the original agreement." United States v. Turner, 936 F.2d 221, 223 (6th Cir. 1991). There is no evidence that the state authorities had either actual or apparent authority, as agents of the federal government, such that the United States would be bound to an agreement between the Defendant and state authorities. See United States v. El-Sadig, 133 F. Supp. 2d 600 (N.D. Ohio 2000). Under traditional principles of contract law, a non-prosecution agreement made between the Defendant and a state prosecutor, acting without any actual or apparent authority to bind the United States, is wholly insufficient to bind the United States and preclude subsequent federal prosecution of the Defendant.

---

[1] It is pivotal to note that the Defendant does not allege, nor do the facts indicate, that the evidence underlying the federal indictment was, in any way, derived from testimony given by the Defendant in reliance on the state non-prosecution agreement. Rather, the Defendant only entered into the agreement *after* the items had already been seized. As the Defendant never testified, and no evidence was seized after he agreed to cooperate, there is no concern that the evidence presently before the Court was derived in violation of the Defendant's Fifth Amendment rights against compelled self-incrimination. The line of cases requiring a so-called "taint" hearing is, therefore, inapplicable to the case at bar. See Kastigar v. United States, 406 U.S. 441 (1972).

United States v. Brothers, 856 F. Supp. 380, 384 (informal immunity agreement valid in district where offered, but it "cannot prevent prosecution by other government agencies.").

The agreement between the Defendant and the Leslie Commonwealth Attorney did not bind the United States Attorney for the Eastern District of Kentucky. Therefore, the Defendant's Motion to Dismiss should be denied.

## IV. CONCLUSION

Accordingly, and for the reasons set forth above, the undersigned hereby recommends that the Defendant's Motion to Dismiss [R. 9] be DENIED.

Specific objections to this Report and Recommendation must be filed within ten (10) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Rule 59(b)(2), Fed. R. Crim. P.

Signed January 9, 2009.



Signed By:
*Edward B. Atkins*  *EBA*
**United States Magistrate Judge**